**\*AMENDED GLD-014**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2699
_____

BYRON BEDELL,
                          Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:16-cv-00019)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 1, 2016

Before:  CHAGARES, GREENAWAY, JR. and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 26, 2016)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Federal prisoner Byron Bedell appeals pro se from the May 10, 2016 order of the United States District Court for the Middle District of Pennsylvania dismissing his civil action brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. For the reasons that follow, we will summarily affirm that order.

I.

In January 2016, Bedell filed a pro se complaint in the District Court against the United States of America. The complaint sought relief under the FTCA based on Bedell's claim that the Federal Bureau of Investigation ("the FBI") had failed to investigate his allegations that he had been tortured by prison officials while incarcerated at a federal prison in Pennsylvania. The District Court screened the complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, concluding that the case should be dismissed with prejudice. In support of this conclusion, the District Court explained that Bedell's complaint was barred by the discretionary function exception to the FTCA's waiver of sovereign immunity. This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Bedell's complaint, see Merando v. United States, 517 F.3d 160, 163-64 (3d Cir. 2008), and we may take summary action if this appeal does not present a substantial question. See 3d Cir. I.O.P. 10.6.

2

"The FTCA waives the federal government's sovereign immunity with respect to tort claims for money damages." Baer v. United States, 722 F.3d 168, 172 (3d Cir. 2013) (citing 28 U.S.C. § 1346(b)(1)). However, "[t]he discretionary function exception limits that waiver, eliminating jurisdiction for claims based upon the exercise of a discretionary function on the part of an employee of the government." Id. (citing 28 U.S.C. § 2680(a)).[1] A two-step test is employed to determine whether this exception applies. Id.

At the first step of the test, "a court must consider whether the action is a matter of choice for the acting employee." Id. (internal quotation marks omitted). "If a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, the exception does not apply because the employee has no rightful option but to adhere to the directive." S.R.P. ex rel. Abunabba, 676 F.3d at 333 (internal quotation marks omitted). If a specific course of action is not prescribed, the court proceeds to the second step, which requires the court "to determine whether the challenged action or inaction is of the kind that the discretionary function exception was designed to shield." Id. (internal quotation marks omitted). "Because the purpose of the exception is to

---

[1] Although the discretionary function exception "is analogous to an affirmative defense," S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 333 n.2 (3d Cir. 2012), it is also "jurisdictional on its face," id.; see CNA v. United States, 535 F.3d 132, 144 (3d Cir. 2008) (noting that this Court has treated this exception as jurisdictional). Accordingly, the District Court did not err in considering the applicability of this exception sua sponte. See, e.g., Mirmehdi v. United States, 689 F.3d 975, 984 n.7 (9th Cir. 2011); see also Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999) ("A federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*."), abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005).

prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy . . ., the exception protects only governmental actions and decisions based on considerations of public policy." United States v. Gaubert, 499 U.S. 315, 323 (1991) (internal quotation marks and citation omitted).

In this case, the District Court applied the aforementioned test and concluded that the discretionary function exception barred Bedell's FTCA claim. For substantially the reasons set forth in the District Court's opinion, we see no reason to disturb that conclusion. Although Bedell contends that the FBI had a mandatory duty to investigate his allegations of torture, 28 U.S.C. § 535 — a statute that he himself purports to rely upon — explicitly provides that the FBI "*may* investigate any violation of Federal criminal law involving Government officers and employees." 28 U.S.C. § 535(a) (emphasis added).[2]

Because this appeal does not present a substantial question, we will summarily affirm the District Court's May 10, 2016 order dismissing Bedell's complaint with prejudice.[3] Bedell's motion for appointment of counsel is denied. His motion to proceed

---

[2] Bedell points to the language in § 535(b), which contains the word "shall," not "may." But that "shall" language concerns the duty of executive branch employees to "expeditiously report[]" violations of federal criminal law to the Attorney General, not the FBI's duty to investigate alleged violations. See 28 U.S.C. § 535(b).

[3] Although Bedell could not proceed with his FTCA claim, it does not follow that he was without a remedy for the mistreatment that he allegedly suffered at the hands of prison officials. Indeed, he could have filed a complaint against the prison officials pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). We take no position on the merits of such a complaint, or whether that

on the original record is denied as moot, as this appeal will not proceed to briefing.  See

3d Cir. LAR 30.2.  His request to supplement the record is denied, as he has not

demonstrated that this case presents the type of "exceptional circumstances" that warrant

supplementation.  See Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199,

226 (3d Cir. 2009).  Lastly, to the extent that his letters docketed on September 9, 2016,

and September 12, 2016, respectively, seek any other relief from this Court, that relief is

denied.

complaint, if filed today, would be barred by the statute of limitations.